MR. JUSTICE SHEA,
dissenting:
I dissent.
First, this Court should set aside the default judgment entered in this case. It has always been the policy of this Court to favor trial on the merits, and this case is no exception. Second, I agree with Justice Morrison’s dissent to the extent that he shows there was no basis in the record for the award of compensatory damages in the amount of $100,000. However, assuming that the default judgment would not be set aside, I would order a new trial on the question of compensatory damages. It is not a good practice for this Court to determine for ourselves what the damages should be. Third, I would set aside the judgment awarding $100,000 punitive damages, and again order that the trial be again held to determine the amount.
The record quoted by Justice Morrison reveals several factors bearing on damages. First, counsel for plaintiffs at no time indicated what he considered an appropriate amount to be for compensatory damages. It is also clear that he believed the entire judgment should be “at least fifty thousand dollars” which of course included both compensatory damages and punitive damages. I view an award of damages as based only on passion and prejudice of the trier of fact when the basis of the total judgment of $200,000 ($100,000 compensatory damages and $200,000 punitive damages) is that the court believed the defendant should be punished. Although the acts of defendant cannot in any way be condoned, it is clear that the compensatory damages awarded to plaintiffs were awarded because of the outrageous acts of *514 the defendant rather than the actual damages sustained by the plaintiffs.
In addition, the trial court awarded $1,500 attorney fees. Plaintiffs’ counsel said he had at least 20 hours on the case and wanted compensation at the rate of $75 per hour. The court, with no further adieu, set the attorneys fees at $1,500. Although defendant has not appealed from the attorneys fees award as a separate ground, nonetheless I find no basis in the law to award an attorney fee in this kind of action.
What has happened to the defendant here does not speak too highly of the fair judicial treatment to which he is entitled, regardless of the outrageous acts he may have perpetrated on the plaintiffs. Justice would best be served by setting aside the default judgment and letting the case proceed on its merits — to a jury if that is the wish of either of the parties.